Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000988
27-OCT-2015
08:15 AM

NO. CAAP-14-0000988

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
RYAN DOMINGO, aka RYAN B. DOMINGO, SR., Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 11-1-1883)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Appellant-Defendant Ryan Domingo, aka Ryan B. Domingo, Sr., (Domingo) appeals from a "Judgment of Conviction and Sentence" (Judgment) filed on July 8, 2014, in the Circuit Court of the First Circuit[1] (circuit court). The Judgment was entered against Domingo after a jury found him guilty as charged for Count I, Methamphetamine Trafficking in the First Degree, in violation of Hawaii Revised Statutes (HRS) § 712-1240.7(1)(a) (2014),[2] and Count II, Unlawful Use of Drug Paraphernalia, in

---

[1] The Honorable Rom A. Trader presided.

[2] HRS § 712-1240.7(1)(a) provides:

> §712-1240.7 **Methamphetamine trafficking in the first degree.** (1) A person commits the offense of methamphetamine trafficking in the first degree if the person knowingly:
>
> (a) Possesses one or more preparations, compounds, mixtures, or substances of an aggregate weight of one ounce or more containing methamphetamine or any of its

violation of HRS § 329-43.5(a) (2010).[3] Domingo was sentenced to twenty (20) years imprisonment with a mandatory minimum of two (2) years for Count I, and five (5) years of imprisonment for Count II, with credit for time served, and the sentences to run concurrently.

Domingo's only point of error is that the circuit court erred in denying his request for a jury instruction on the lesser included offense to Count I, Promoting a Dangerous Drug in the Third Degree, in violation of HRS § 712-1243 (2014).[4] Domingo raises no challenge to his conviction for Count II and only requests a new trial on Count I.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Domingo's point of error as follows and vacate the Judgment as to Count I.

"[W]hen jury instructions or the omission thereof are at issue on appeal, the standard of review is whether, when read

---

salts, isomers, and salts of isomers[.]

HRS § 712-1240.7(2) provides that Methamphetamine Trafficking in the First Degree is a class A felony.

[3] HRS § 329-43.5(a) provides:

**§329-43.5 Prohibited acts related to drug paraphernalia.** (a) It is unlawful for any person to use, or to possess with intent to use, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance in violation of this chapter. Any person who violates this section is guilty of a class C felony and upon conviction may be imprisoned pursuant to section 706-660 . . . .

[4] HRS § 712-1243 provides:

**§712-1243 Promoting a dangerous drug in the third degree.** (1) A person commits the offense of promoting a dangerous drug in the third degree if the person knowingly possesses any dangerous drug in any amount.

(2) Promoting a dangerous drug in the third degree is a class C felony.

2

and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent or misleading." State v. Flores, 131 Hawai'i 43, 57-58, 314 P.3d 120, 134-35 (2013) (citations and quotation marks omitted).  "The failure to instruct the jury on a lesser included offense for which the evidence provides a rational basis warrants vacation of the defendant's conviction." Id. at 58, 314 P.3d at 135. First, a court must determine if an offense is in fact a lesser included offense.  See Id. at 52-53, 314 P.3d 129-30.  Second, "jury instructions on lesser-included offenses must be given where there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting the defendant of the included offense."  Id. at 51, 314 P.3d at 128.

Domingo contends that Promoting a Dangerous Drug in the Third Degree is a lesser included offense to Methamphetamine Trafficking in the First Degree and that a jury instruction on the lesser included offense was required because there was a rational basis in the evidence for the jury to have acquitted Domingo of the charged Count I and instead convict him of the lesser included offense.

HRS § 712-1240.7(1)(a) provides:

> §712-1240.7 Methamphetamine trafficking in the first degree.  (1) A person commits the offense of methamphetamine trafficking in the first degree if the person knowingly:
>
> (a) Possesses one or more preparations, compounds, mixtures, or substances of an aggregate weight of one ounce or more containing methamphetamine or any of its salts, isomers, and salts of isomers[.]

(Emphasis added.)  HRS § 712-1243(1) provides:

> §712-1243 Promoting a dangerous drug in the third degree. (1) A person commits the offense of promoting a dangerous drug in the third degree if the person knowingly possesses any dangerous drug in any amount.

(Emphasis added.)

3

This case arises from the execution of a search warrant on December 15, 2011 at a residence where Domingo was staying. In Domingo's bedroom, officers found: (1) a pouch under a mattress that contained "[t]hree glass pipes with residue, a lighter, a straw scoop, and some baggies[;]" and (2) a blue pouch with sixteen (16) Ziploc bags, weighing well over an ounce, containing a white crystalline substance and found inside a speaker located behind the bedroom door. On appeal, Domingo contends that, based on his testimony that he did not know there were any drugs in the speaker and that he only knew about the drug paraphernalia under his mattress (which included three pipes, one of which contained .036 grams of methamphetamine residue),[5] the jury could have reasonably concluded he only knowingly possessed the residue, and thus could have reasonably acquitted him of the trafficking charge and convicted him of the lesser included offense.

We note that this was not the position that Domingo took at trial. In arguing for the inclusion of the lesser included jury instruction, Domingo's counsel contended that the jury instruction was required because there was a "conceivable way in which a jury could somehow infer that my client knew there were some kind of drugs in the speaker but not the amount[.]" Nevertheless, the Hawai'i Supreme Court has held that "trial courts are duty bound to instruct juries sua sponte . . . regarding lesser included offenses, having a rational basis in the evidence." State v. Haanio, 94 Hawai'i 405, 415, 16 P.3d 246, 256 (citation and quotation marks omitted) overruled on other grounds by, Flores, 131 Hawai'i 43, 314 P.3d

---

[5] Jeanette Ardiente, whom the court qualified as an expert in the area of drug analysis, testified that, based on HPD's work request instruction to analyze only one of the three pipes, she tested the residue in one of the pipes, recorded a weight of .036 grams and concluded the residue was consistent with methamphetamine.

4

120.[6] "[I]n our judicial system, the trial courts, not the parties, have the duty and ultimate responsibility to insure that juries are properly instructed on issues of criminal liability." Flores, 131 Hawaiʻi at 56, 314 P.3d at 133 (citations and quotation marks omitted).

Thus, regardless of the parties' arguments at trial, if (1) Promoting a Dangerous Drug in the Third Degree is a lesser included offense to Methamphetamine Trafficking in the First Degree, and (2) there was a rational basis in the evidence for a jury to acquit Domingo of the trafficking charge but convict him of the lesser included offense, the circuit court erred in failing to give the jury instruction on the lesser included offense.

**1. Lesser Included Offense.** Promoting a Dangerous Drug in the Third Degree is a lesser included offense to Methamphetamine Trafficking in the First Degree.

HRS § 701-109(4)(a) (2014) provides that one offense is included in another if "[i]t is established by proof of the same or less than all the facts required to establish the commission of the offense charged[.]" Methamphetamine Trafficking in the First Degree requires proof that the defendant knowingly "[p]ossesses one or more preparations, compounds, mixtures, or substances <u>of an aggregate weight of one ounce or more containing methamphetamine or any of its salts, isomers, and salts of isomers</u>[.]" HRS § 712-1240.7(1)(a) (emphasis added). Promoting a Dangerous Drug in the Third Degree requires the Appellee-Plaintiff State of Hawaiʻi (State) to prove that the defendant

---

[6] Haanio was overruled by Flores only to the extent that Haanio held that failure to give the lesser included offense jury instruction was harmless where the jury convicted the defendant of the charged offense or of a greater included offense. Flores, 131 Hawaiʻi at 57, 314 P.3d at 134. Flores reaffirmed the holding of Haanio regarding the trial court's obligation to give instructions on lesser included offenses. Id. at 51-55, 314 P.3d at 128-32. For instance, Flores cited Haanio favorably for the proposition that "[t]he trial court's failure to give appropriate included offense instructions requested by a party constitutes error, as does the trial court's failure to give an appropriate included offense instruction that has not been requested." Id. at 55, 314 P.3d at 132.

knowingly possessed "any dangerous drug in any amount." HRS § 712-1243(1) (emphasis added). The legislature has defined any substance which contains any quantity of methamphetamine, including any of its salts, isomers, and salt of isomers as a dangerous drug. HRS § 712-1240 (2014); HRS § 329-16(e) (2010). Therefore, Promoting a Dangerous Drug in the Third Degree can be proven by the same or less than all the facts required to prove Methamphetamine Trafficking in the First Degree and is a lesser included offense.

**2. Rational Basis For The Lesser Included Offense Instruction.** Based on the record in this case, there was a rational basis in the evidence to support an instruction on the lesser included offense of Promoting a Dangerous Drug in the Third Degree.

Domingo's theory of the case at trial was that, although he was guilty of Count II based on the items found under the mattress, he was not guilty of Count I because he did not knowingly possess the drugs contained in the speaker. The State contends that there was no rational basis in the evidence to support the lesser included offense instruction because Domingo did not dispute the amount of drugs in the speaker, merely his knowledge of the drugs. The State contends that the charge for Methamphetamine Trafficking in the First Degree was clearly exclusively about the methamphetamine found in the speaker, whereas the Unlawful Use of Drug Paraphernalia charge had to do with the contents found under the mattress. Thus, the State contends the two were not related in terms of charging.

Despite the State's contention, the indictment as to Count I, mirroring the wording of HRS § 712-1240.7(1)(a), provides that Domingo "did knowingly possess one or more preparations, compounds, mixtures, or substances of an aggregate weight of one ounce or more containing methamphetamine or any of its salts, isomers, and salts of isomers[.]" Further, the jury instruction for Methamphetamine Trafficking in the First Degree contained similar language. Neither the indictment nor the jury

6

instructions indicated a differentiation between the methamphetamine found in the speaker and the methamphetamine residue found in the pipe.

Domingo testified that he did not know that the speaker contained methamphetamine because he was just holding the speaker for a friend.  Officer Bruce Kim testified that the speaker was stored behind a door and the blue pouch containing the drugs was not visible from the front of the speaker.  There is a rational basis, given the testimony and Domingo's theory of the case, upon which the jury could have acquitted Domingo of knowingly possessing the methamphetamine found in the speaker, but convicted him of possessing any amount of methamphetamine based on his admission of knowingly possessing the pipes, one of which contained .036 grams of methamphetamine residue.  Thus, the circuit court should have given the lesser included offense instruction for Promoting a Dangerous Drug in the Third Degree, regardless of the reason given by trial counsel for giving the instruction.

Therefore, IT IS HEREBY ORDERED that the "Judgment of Conviction and Sentence" filed on July 8, 2014, in the Circuit Court of the First Circuit, is vacated as to Count I.  This case is remanded for a new trial on Count I.

DATED:  Honolulu, Hawai'i, October 27, 2015.

On the briefs:

Lars Peterson,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

7